# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Valerie L. Dille, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| Equifax, Inc.; First National Bank of Omaha; Citibank NA; Discover Card Services, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Valerie L. Dille, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Valerie L. Dille ("Plaintiff"), is an adult individual residing in Castle Rock, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Equifax Information Services, Inc. ("Equifax"), is a Georgia business entity with an address of 1550 Peachtree Street N.W., Atlanta, Georgia 30309, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA. Equifax is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

5. Defendant, Professional Finance Company ("PFC") is a Colorado business entity with a principal place of business located in Greeley, Colorado. PFC is a creditor who furnishes consumer information to Equifax.

6. Defendant, Red River Collection Company, Inc. ("Red River") is a Colorado business entity with a principal place of business located in Denver, Colorado. Red River is a creditor who furnishes consumer information to Equifax.

## FACTUAL ALLEGATIONS

7. In 2019, Plaintiff noticed that PFC and Red River were inaccurately and negatively reporting on her Equifax credit report.

8. Specifically, PFC and Red River were reporting a debt belonging to Plaintiff as "Unpaid," even though Plaintiff filed for bankruptcy in or around April of 2018.

9. Plaintiff's PFC and Red River accounts should have been reporting as "Account Included in Bankruptcy."

10. By letter dated July 8, 2019, Plaintiff sent a dispute letter to Equifax pertaining to the PFC account. Plaintiff's letter explained that she previously filed for bankruptcy, and therefore the information is inaccurate and requested this be removed from her credit report.

11. Equifax sent Plaintiff a copy of her credit report and continued to report the PFC account as "Unpaid."

12. Upon reviewing the credit report Equifax provided to Plaintiff, Plaintiff noticed the Red River account was also listing incorrectly.

13. By letter dated October 11, 2019, Plaintiff sent a dispute letter to Equifax pertaining to the Red River account. Plaintiff's letter explained that she previously filed for bankruptcy, and therefore the information is inaccurate and requested this be removed from her credit report.

14. On or around November 21, 2019, Plaintiff pulled her credit report and the Red River account continued to report as "Unpaid."

15. After Plaintiff disputed and requested that the accounts be corrected, and in accordance with its standard procedures, Plaintiff believes and thereon alleges that Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to substantially or reasonably verify PFC and Red River's representations regarding the accounts.

16. In the alternative, in the event that Equifax did forward notice of the dispute to PFC and Red River, they failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit report.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq*. by DEFENDANTS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

  a. Equifax violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

b. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to PFC and Red River; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

c. PFC and Red River violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

19. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

20. As a result of Defendants conduct, action and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

21. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 15 U.S.C. § 1681;

2. Attorney's fees and costs pursuant to 15 U.S.C. § 1681;

3. Actual damages pursuant to 15 U.S.C. § 1681;

4. Punitive damages pursuant to 15 U.S.C. § 1681; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 5, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Valerie L. Dille
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com